John D. Bennett, S.
This is a proceeding to determine the validity and effect of certain provisions of decedent’s will and for advice and direction as to the sale of certain stock owned by the decedent at his death.
Decedent is survived by his son, who is executor and trustee and petitioner herein, and his widow, who has joined in seeking the relief requested.
At decedent’s death he owned 50% of the stock of Ostow & Jacobs, Inc., the other 50% being owned by one David B. Ostow. On October 27, 1937 decedent and David B. Ostow entered into a stockholders’ agreement, which provided for the method of disposition of the stock held by each in case of the death of either, in addition to other provisions contained therein.
Paragraph Ninth of decedent’s last will and testament, executed on August 1, 1955, provides that decedent’s executors and trustees shall continue the interest in Ostow & Jacobs, Inc., for at least 10 years after the date of his death.
The petition herein alleges extreme hardship to decedent’s estate if required to continue decedent’s interest in Ostow & Jacobs, Inc. The hardship arises out of a lack of liquid assets, making a sale of the stock in Ostow & Jacobs, Inc., necessary. Further necessity for such sale is alleged as a result of the failure of the corporation to elect decedent’s son as a director to replace the vacancy created by his father’s death. Instead a son of David B. Ostow was elected and petitioner complains that he has thereby been precluded from any control over the affairs of the corporation. The petitioner seeks to be relieved of the restriction imposed by paragraph Ninth of the will, and for authorization to proceed to sell the stock within the provisions of the stockholders’ agreement.
The facts stated in the petition amply illustrate the necessity for a sale of the decedent’s stock in Ostow & Jacobs, Inc. The court has the power in equity to protect the beneficiaries from loss of an asset by virtue of lack of a power to sell (Matter of Pulitzer, 139 Misc. 575).
Accordingly the petitioner will be permitted to sell the stock in Ostow & Jacobs, Inc. The court does not at this time pass *103 upon the validity of the stockholders ’ agreement or the propriety of sale thereunder. The permission to sell granted herein is allowed to the petitioner who, as fiduciary, must proceed within the standards of conduct prescribed for fiduciaries.